**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-31196
Summary Calendar

GLORIA JAMES; IEIA LEWIS,

Plaintiffs-Appellants,

VERSUS

ALLSTATE LIFE INSURANCE COMPANY; RONALD GUIDRY,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
(96-CV-3324-K)
July 7, 1998

Before DUHÉ, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Brian James ("James") purchased a life insurance policy from Allstate Insurance Company, an Illinois corporation. Ronald Guidry ("Guidry"), an Allstate agent and a Louisiana citizen, assisted James in completing a policy application and submitted the application to Allstate. An independent investigative company, PMS, Inc., verified the application information by speaking with James. Allstate issued a policy to James, who, four months later,

---

[1]Pursuant to the 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

died from a gunshot wound to the head. Allstate's post-death investigation disclosed that the application contained false information. The inquiry revealed that James had been charged with two felonies, had undergone drug treatment, and was on probation when he applied for the policy. Neither the application nor the PMS, Inc. investigation divulged these facts. Allstate, therefore, rescinded the policy and returned the premium payments.

James's beneficiaries, who are Louisiana residents and the plaintiffs here, sued Allstate and Guidry. They alleged damages suffered through the fault of both parties in the rescission of the insurance policy, in failing to properly inform James in the application's preparation, and in failing to properly prepare the application. They contended that Guidry did not ask James all the questions on the application and that Guidry supplied some of the answers himself.

The defendants removed the suit; the plaintiffs moved to remand. The defendants claimed that Guidry was fraudulently joined to defeat federal diversity jurisdiction. Guidry moved for summary judgment. The district court determined that Guidry had been fraudulently joined, finding that there was no reasonable possibility that Louisiana law might hold him liable. Consequently, it granted Guidry's motion for summary judgment and denied plaintiffs' motion to remand. The plaintiffs now appeal.

We review the denial of a motion to remand de novo. Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995). We

review a grant of summary judgment under the same standard.  <u>Id</u>. at 221.

The district court properly found that the defendants met their onerous burden for proving fraudulent joinder as reviewed in <u>Ford v. Elsbury</u>, 32 F. 3d 931, 935 (5th Cir. 1994).  As an Allstate insurance agent, under Louisiana law and the facts of this case, Guidry had no duty to the insured; he owed a duty solely to his principal, Allstate.  La. Civ. Code Ann. arts. 3016 (West 1998); <u>Smason v. Celtic Life Ins. Co.</u>, 615 So. 2d 1079, 1087 (La.App. 4 Cir. 1993).  Because Guidry neither issued the policy nor was party to the insurance contract, he cannot be held liable for the policy's rescission.  We find no Louisiana law  that imposes a duty upon an agent to make certain that an applicant has accurately responded to the questions posed.

Even if Guidry had a personal duty to complete the application accurately and properly, which we do not decide here, plaintiffs are unable to prove that a breach of that duty caused their alleged damages, denial of the $500,000 death benefit.  James's answers to PMS, Inc., were the same responses found on the application.  Allstate's underwriting procedures would have initially prohibited coverage if Allstate had been informed of James's felony charges, drug treatment, and probation.

The district court, relying on the same facts and the conclusions it drew from them in its denial to remand, properly granted summary judgment in favor of the defendant, Guidry.

3

We AFFIRM both the denial of the motion to remand and the grant of summary judgment.